UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| FLOYD D. ELLISON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-318 |
| | ) | (VARLAN/SHIRLEY) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 14] and the defendant's motion for summary judgment. [Doc. 21]. Plaintiff seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1. The claimant meets the nondisability requirements for a period of disability and disability insurance benefits set forth in Section 216(i) of the Social Security Act and he is insured for benefits through the date of this decision.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's musculoskeletal impairments are considered "severe" based on the requirements in the Regulations 20 C.F.R. § 404.1520(c).

4. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations regarding his limitations are not credible for the reasons set forth in the body of the decision.

6. The claimant is unable to perform any of his past relevant work (20 C.F.R. § 404.1565).

7. The claimant is an "individual closely approaching advanced age" (20 C.F.R. § 404.1563).

8. The claimant has a "high school (or high school equivalent) education" (20 C.F.R. § 404.1564).

9. The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case (20 C.F.R. § 404.1568).

10. The claimant has the residual functional capacity to perform the full range of medium work (20 C.F.R. § 404.1567).

11. Based on an exertional capacity for medium work, and the claimant's age, education, and work experience, a finding of "not disabled"

is directed by Medical-Vocational Rule
                                203.15.

                12.     The claimant was not under a "disability" as
                        defined in the Social Security Act, at any
                        time through the date of the decision (20
                        C.F.R. § 404.1520(g)).

(Tr. 19-20).

The ALJ's findings are conclusive so long as they are supported by substantial evidence. See Warner v. Commissioner of Social Security, 375 F.3d 387 (6th Cir. 2004). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420 (1971)).

Plaintiff argues that the ALJ erred in finding he could perform a full range of medium[1] work. Plaintiff insists that Grid Rule 202.06 directs a finding of "disabled" for an individual with his vocational factors and who can perform only light[2] work and contends that although he was not 55 as required by Grid Rule 202.06 as of the date the ALJ issued his decision, he will turn 55 before the expiration of his insured status on March 31, 2007. (Tr. 42). Plaintiff also asserts that the ALJ improperly rejected the restrictions by Dr. Page, an examining source, and adopted a residual functional capacity ("RFC") which does not reflect the opinion of any medical source in the record. He maintains that the ALJ did not adequately explain his reasons for rejecting

---

[1]Medium work is defined as involving "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).

[2]Light work requires lifting and carrying 20 pounds occasionally and 10 pounds frequently. 20 C.F.R. § 404.1567(b).

3

the assessment by Dr. Page, who observed a restricted range of hip motion and a limited ability to perform leg lift on the right. Plaintiff also questions whether the DDS medical consultant Dr. Burr, who determined that the claimant has no severe physical impairment, is an acceptable medical source. (Tr. 158). In sum, plaintiff contends that the ALJ did not accept either the assessment by Dr. Page or Dr. Burr, but rather acted arbitrarily and determined that the plaintiff can perform a full range of medium work.

    The Commissioner contends that substantial evidence supports the ALJ's decision that plaintiff could perform medium work. (Tr.15-18). She asserts that plaintiff "misunderstands" the distinction between a medical source statement and an RFC finding, noting that a medical source statement is only one of several factors that an ALJ considers in determining an individual's RFC finding, which is solely within the province of the ALJ. She maintains that the ALJ's decision could be supported by substantial evidence even if there is no medical source opinion that directly supports the ALJ's RFC finding.

    The Commissioner maintains that the ALJ considered the various medical opinions and the record evidence as a whole to arrive at his determination that plaintiff could perform medium work. (Tr. 15-18). Dr. Page performed a consultative physical examination of plaintiff and found that he could lift and carry 25 pounds frequently and occasionally; could stand and walk 7 to 8 hours in an 8-hour workday; and that he had no impairments related to his hearing, speaking, vision, and traveling. (Tr. 156). The Commissioner insists that the ALJ's finding of medium work which includes 6 hours of standing or walking was not inconsistent with Dr. Page's opinion that plaintiff could stand and walk 7 to 8 hours, but admits that Dr. Page found plaintiff more limited in

4

his ability to lift and carry. (Tr. 17, 20, 156). The Commissioner contends that the ALJ discounted Dr. Page's opinion regarding plaintiff's ability to lift and carry because Dr. Page found that plaintiff had 5/5 strength, intact motor functioning, no sensory deficits, normal reflexes, and no objective findings to correlate with musculoskeletal complaints. (Tr. 154-56). In light of the foregoing, the Commissioner insists that the ALJ properly gave little weight to Dr. Page's opinion that plaintiff could lift no more than 25 pounds. The Commissioner noted that DDS consultant Dr. Burr reviewed the record and found that plaintiff had no severe impairment, noting that he found Dr. Page's report too restrictive based on the objective findings. (Tr. 158). The Commissioner further points out that the ALJ noted that plaintiff's treatment regarding disabling pain could be contrasted to the objective evidence in the record that indicates mild diagnostic and clinical findings. (Tr. 15-17). Therefore, the Commissioner maintains that the ALJ reasonably found that plaintiff retained the RFC to perform medium work.

Plaintiff argues that if he were limited to light work, Grid Rule 202.06 would direct a finding of "disabled." Moreover, he argues that although he was not of "advanced age" (age 55 or older), which is required under Rule 202.06, he would be 55 years old by the time his insured status for disability insurance benefits expired in March 2007. The Commissioner explains that Rule 202.06 applies to an individual who is of "advanced age," (55 and over), yet plaintiff was not of advanced age, but was "closely approaching advanced age" (age 50-54) at the time of the ALJ's decision. The Commissioner contends that the fact that plaintiff would be 55 at some future date is not relevant because a date in the future does not relate to the period of time the ALJ adjudicated. However, the Commissioner insists that this argument fails because substantial evidence supports

5

the ALJ's finding that plaintiff could do medium work, and therefore, Rule 202.06 is not applicable. The Commissioner contends that the ALJ reasonably found plaintiff could perform medium work and then used the Grid to direct a finding of "not disabled," although she acknowledges that the ALJ inadvertently cited to Rule 203.15 instead of Rule 203.22 of the Grid, which also directs a finding of "not disabled." (Tr. 20).

Based upon careful review of the record, I find plaintiff's arguments to be without merit. A medical source statement consists of a medical judgment from a medical source about what an individual can still do despite his impairments, 20 C.F.R. § 404.1513, whereas an RFC assessment is a legal judgment made regarding what an individual can still do despite his impairments and includes consideration of medical source statements, among other evidence. 20 C.F.R. § 404.1545.

In making his RFC determination that plaintiff could perform medium work, the ALJ considered the medical records from Drs. Black, Patel, and Gouffon, as well as Dr. Page. (Tr. 15-18). He noted that Dr. Black found no objective evidence of any "severe" impairment and noted that Dr. Patel found in November 2002 plaintiff's right hip x-ray indicated only mild arthritic changes. (Tr. 15-16, 141). The ALJ appears to have relied to a great extent on the treatment notes and diagnostic evidence of Dr. Gouffon, an orthopedic specialist. (Tr. 16, 91-93, 95-96). Dr. Gouffon found moderate degenerative arthritis, and when plaintiff reported that Ibuprofen improves his condition, Dr. Gouffon recommended plaintiff try it for 4 to 6 weeks at one time. However, Dr. Gouffon noted at a later visit that plaintiff had not followed his recommendation regarding Ibuprofen. (Tr. 16, 91). Dr. Gouffon found plaintiff's range of motion of his hip, knee, and ankle

6

to be normal and that his lower back looked "very good" with "little or no degenerative change," found "no significant orthopedic abnormality," and found plaintiff is "comfortable enough to continue a fairly normal lifestyle." (Tr. 17, 91) 20 C.F.R. § 404.1527(d)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."). Therefore, the foregoing supports the ALJ's finding that plaintiff could perform medium work.

With respect to Dr. Page, the ALJ found that his lifting restriction of no more than 25 pounds was not supported by the objective evidence, noting that "Dr. Page's conclusion that the claimant had an unremarkable physical examination is supported by a state agency assessment [Dr. Burr] dated September 30, 2003 that concludes that the claimant's physical impairment is not 'severe.'" (Tr. 17, 158). The ALJ noted that Dr. Page

> found that the claimant's [sic] had a full range of motion of the lumbar spine and that he could do a sit up. He had 5/5 strength in all muscle groups and grip testing showed an <u>invalid effort</u>. Neurolorgical examination was normal and there was <u>no objective sign of any anxiety or depression</u>. There was also no sign of a balance deficit and <u>no objective findings to correlate with the claimant's musculoskeletal complaints</u>. . . . Dr. Page concluded that [the] examination of the claimant was unremarkable and that the claimant had no functional inhibitions by spasticity, rigidity or pain.

(Tr. 17, 151-57) (emphasis in original). I find that contrary to plaintiff's assertions, the ALJ clearly explained his reasons for rejecting Dr. Page's lifting restrictions. (Tr. 17) <u>See</u> <u>Crowe v. Harris</u>, 489 F. Supp. 683, 689 (E.D. Tenn. 1980) (within province of ALJ to determine that the medical evidence is more consistent with the diagnosis of one physician over another). Substantial evidence supports

7

the ALJ's finding that plaintiff was not disabled because plaintiff clearly could perform light or sedentary work, both of which are encompassed in the ability to perform medium work.[3] Plaintiff charges that Dr. Burr is not an acceptable medical source, yet fails to put forth any explanation to support this charge. McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997). Therefore, this issue is waived. In light of the foregoing, I find that the ALJ reasonably concluded that the objective medical evidence supports the ALJ's RFC finding for medium work.

At Step 4 in the evaluation process, the ALJ found that plaintiff's past work would require him to perform activities in excess of his RFC. (Tr. 20). Therefore, the burden shifted to the Commissioner at Step 5 of the process to establish that plaintiff can perform other work, given his RFC, in significant numbers in the national economy given his vocational profile and functional limitations. Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988). At this step, the ALJ uses the Medical-Vocational Guidelines or "the Grid" which relies on vocational factors, such as age, education, and work experience, to direct an outcome of "disabled" or "not disabled." 20 C.F.R. Part 404, Subpart P, Appendix 2.

Once the ALJ determined plaintiff's RFC for medium work and found that he could not perform any of his past work, the ALJ used the Grid, based on plaintiff's vocational factors to direct a finding of "not disabled." (Tr. 20). The Commissioner acknowledges that the ALJ failed to cite the correct Grid rule. The ALJ cited Grid Rule 203.15 for an individual of "advanced age" (55 and over) rather than Grid Rule 203.22 for an individual "closely approaching advanced age"

---

[3]Even if the ALJ had accepted, as plaintiff submits he should have, Dr. Page's lifting restrictions, those findings of the ability to lift and carry 25 pounds frequently and occasionally would clearly exceed the light work requirement of 10 to 20 pounds respectively.

8

(age 50-54), although both direct a finding of "not disabled." Abbott v. Sullivan, 905 F.2d 918, 926 n.6 (6th Cir. 1990) (failure to cite the correct rule is harmless error where the outcome is the same). I note, however, that although the ALJ cited the incorrect Grid Rule, he correctly noted in the body of his decision and in Finding Number 7 that plaintiff is an individual "closely approaching advanced age." (Tr. 18-19). Although plaintiff contends that Grid Rule 202.06 would direct a finding of "disabled," that Grid Rule applies to an individual who has an RFC for light work and is of advanced age (55 and over), whereas the ALJ reasonably determined based on the record as a whole that plaintiff, who was 53 years old at the time of the ALJ's decision, has an RFC for medium, not light work. Although plaintiff argues that he would be 55 before his insured status expired in March 2007, his age in the future is not relevant to the ALJ's determination when he issued his decision on September 24, 2004. (Tr. 14, 20, 181). Therefore, this issue is without merit.

In light of the foregoing, it is hereby **RECOMMENDED**[4] that the plaintiff's motion

---

[4]Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

for summary judgment [Doc. 14] be **DENIED** and that the Commissioner's motion for summary judgment [Doc. 21] be **GRANTED**.

                                              Respectfully submitted,

                                                 s/C. Clifford Shirley, Jr.
                                              United States Magistrate Judge