```
UNITED STATES DISTRICT COURT
  EASTERN DISTRICT OF TENNESSEE
          AT KNOXVILLE
```

FLOYD D. ELLISON,              )
                               )
       Plaintiff,          )
                               )
v.                             )      No.:   3:05-CV-318
                               )             (VARLAN/SHIRLEY)
JO ANNE B. BARNHART,           )
Commissioner of Social Security, )
                               )
       Defendant.          )

## **MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of plaintiff's objections [Doc. 24] to the report and recommendation filed by United States Magistrate Judge C. Clifford Shirley, Jr. [Doc. 23]. Magistrate Judge Shirley found that the Commissioner's decision that plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that plaintiff's motion for summary judgment [Doc. 14] be denied and that defendant Commissioner's motion for summary judgment [Doc. 21] be granted.

The Court considers only specific objections to the magistrate judge's report and recommendation ("R&R"). 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Secretary of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989)

(citations omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. In considering the plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, and the administrative record. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff first contends that the ALJ's failure to cite the correct Grid Rule, directing a finding that plaintiff is not disabled, does not constitute harmless error. Specifically, plaintiff argues that while the ALJ's citation of Grid Rule 203.15 for an individual of "advanced age" (55 and over) rather than Grid Rule 203.22 for an individual of "closely approaching advanced age" both result in a finding of plaintiff not being disabled, the error will bar plaintiff from reliance on the current evidence to establish entitlement when plaintiff files a new application. This issue was reviewed by Judge Shirley, who determined that while the ALJ cited the incorrect Grid Rule, the ALJ correctly noted in the body of his decision and in Finding Number 7 that plaintiff is an individual "closely approaching

2

advanced age" (Tr. 18-19). Additionally, plaintiff admits that application of either Grid Rule would direct a finding of "disabled," thereby constituting harmless error. *Abbott v. Sullivan*, 905 F.2d 918, 926 n.6 (6th Cir. 1990) (failure to cite the correct rule is harmless error where the outcome is the same). Judge Shirley further noted that although plaintiff argues that he would be 55 before his insured status expires, his age in the future is not relevant to the ALJ's determination when he issued his decision on September 24, 2004. Thus, the Court agrees with Judge Shirley that this objection is without merit.

Plaintiff also contends that the ALJ erred in failing to adequately explain his reasons for rejecting the opinion of Dr. Page, an examining source, as to plaintiff's lifting and carrying restrictions. As noted by Judge Shirley, the ALJ found Dr. Page's determination that plaintiff had a lifting restriction of no more than 25 pounds to be unsupported by the objective evidence, which included medical records from three other physicians. As such, the Court agrees with Judge Shirley that the ALJ adequately explained his reasons for rejecting Dr. Page's opinion. *See Crowe v. Harris*, 489 F. Supp. 683, 689 (E.D. Tenn. 1980) (noting that it is within the province of the ALJ to determine that medical evidence is more consistent with the diagnosis of one physician over another). The Court therefore concludes that this objection is without merit.

Finding no error in the report and recommendation, the Court will overrule plaintiff's objections; deny plaintiff's motion for summary judgment; grant defendant's motion for summary judgment; affirm the defendant Commissioner's decision in this case denying

plaintiff's application for a period of disability and disability insurance benefits; and dismiss this case. An order reflecting this opinion will be entered.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE